# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA )
                         )
                         )
       v.                 )
                         )  Criminal Action No. 23-40-RGA
RANGI KNIGHT, )
                         )
       Defendant.     )

## <u>MEMORANDUM OF PLEA AGREEMENT</u>

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney, and the defendant, Rangi Knight, by and through his attorney, Conor Wilson, Esquire, the following agreement is hereby entered into by the respective parties:

1.     The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges the defendant with Making a False Statement in an Application for a United States Passport, in violation of 18 U.S.C. § 1542.

2.     The defendant understands that the maximum penalties for Count One are:  ten (10) years of imprisonment; a $250,000 fine; three (3) years of supervised release; restitution; and a $100 special assessment.

3.     The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt:  (1) that defendant made a false statement in an application for a United States passport; (2) the defendant made the statement intending to get a

passport for his own use; and (3) the defendant acted knowingly and willfully. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

4. The defendant is pleading guilty to Count One because he is, in fact, guilty.

5. Pursuant to Section 6B1.4 of the November 1, 2021, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulation:

a. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including

2

offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

6.     The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

7.     The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.   The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge.   The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines.   The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8.     The defendant agrees to pay the $100 special assessment the day of sentencing.   Should he fail to do so, or should he have other outstanding financial

responsibilities as a result of his plea of guilty to Count One, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

/////

10. It is further agreed by the undersigned parties that this Memorandum — together with sealed Attachment A — supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DAVID C. WEISS
UNITED STATES ATTORNEY

By: /s/ _____

_____
Conor Wilson, Esquire
Attorney for Defendant

Lesley F. Wolf
Assistant United States Attorney

_____ 6/22/23
Rangi Knight, Defendant

Dated: 6/22/23

**AND NOW**, this 22nd day of _____June_____, 2023, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

5